S. F. FINCH v. THE STATE.

No. 7532. Decided May 2, 1923.

Rehearing Denied June 13, 1923.

1.—Robbery—Evidence—Identification of Defendant.

Where upon trial of robbery of the main State's witness and his female companion, the defendant was identified by said main State's witness, but the woman did not appear as a witness, defendant's counsel propounded the following question to said main State's witness: "What is the name and present address and whereabouts of the lady that was with you at the time of the robbery, and at the time you were called upon to identify the defendant?" To which an objection was sustained, there is no reversible error, in the absence of a showing that the defendant used reasonable diligence to obtain the absent witness, and to show that she would testify that she could not identify him.

2.—Same—Evidence—Bill of Exceptions.

The alleged error in permitting the State to prove by other witnesses that the main States witness identified defendant soon after the robbery, not being brought forward by bills of exception, cannot be considered on appeal.

**3.—Same—Rehearing—Practice in Trial Court.**

Where appellant complained that he was deprived of the evidence of the woman who was absent from the trial and would have given testimony favorable to him had she been present, but it is not shown that his purpose in making the inquiry was to procure her attendance as a witness and that he used proper diligence to do so, there was no error.

Appeal from the District Court of Bexar County. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Simmons* and *T. B. Monroe*, for appellant.—Upon the question of absence of female companion and question propounded to State's witness, Carroll v. State, 32 Texas Crim. Rep., 431; Crockett v. State, 40 id., 173.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for robbery with punishment of five years in the penitentiary.

On the night of the alleged offense C. W. Lowrey and a woman companion were driving out some distance from San Antonio. They had stopped the car by the side of the road and while sitting there, (according to Lowrey's testimony,) three parties came up and at the point of a pistol secured from him a watch and some ten dollars in money. As soon as the robbers left Lowrey reported the matter both to the civil and military authorities. One of the military officers within thirty or forty minutes after the robbery discovered near the scene three men lying in the brush. They ran and he fired at them, striking appellant in the arm. The other two escaped at the time. Soon after appellant was apprehended Lowrey, the woman and an officer then in the car with them met the officer who had appellant in charge. Lowrey positively identified him at that time as one of the robbers and as the identical one who held the pistol on him. He also positively identified him at the time of the trial. The officers present disclaimed knowledge of the woman with Lowrey being called upon to identify appellant, or of hearing her express her opinion as to his identity. Appellant denied the robbery. He claimed that he and two other soldiers had left the military post without leave, and were out on the road where the robbery is alleged to have occurred for the purpose of watching what he denominated "jazz parties" who were out from San Antonio along the road in question; that while he and his comapnions were concealed along the road they heard a commotion some distance from them and shortly thereafter a car passed where they were concealed, that later on he was shot and apprehended

by a military officer, his companions escaping. He testified positively that the woman in company with Lowrey at the time they met on the road after the arrest failed to identify appellant as one of the robbers, stating that he did not look like the party who had the gun. The woman was not a witness in the case and was not present in court.

The record contains only one bill of exception. It recites that after Lowrey had testified that he had been held up and robbed by three men, and that about thirty minutes thereafter he had identified appellant as one of them, and after he had identified appellant on the trial as one of the robbers and as the one who held the pistol on him at the time, and after he had testified that the lady in company with him (Lowrey) saw the three men who committed the robbery and was in a position to pass upon their identity as well as the witness Lowrey and was with him (Lowrey) at the time he was called upon to identify appellant shortly after the robbery, appellant propounded the following question to said Lowrey: "What is the name and present address and whereabouts of the lady that was with you at the time of the robbery and at the time you were called upon to identify the defendant?" This question was objected to by the state on the ground that it was immaterial and the objection was sustained. The bill further recites that if the objection had not been sustained and the witness had been permitted to answer the question that appellant would have proved by Lowrey the name of the lady and that she resided at the time within the corporate limits of San Antonio and within the compulsory process of the court; and further would have proven by said Lowrey that when she was called upon to identify appellant in the presence of said lady that the lady not only failed and refused to identify appellant as one of the robbers, but stated at the time and in the presence of Lowrey that appellant was not one of the parties and did not resemble either of the robbers. The bill further recites that said lady was not known to appellant or his counsel, was not present in court at the time, and would not attend court and testify without compulsory process of the court.

Upon a casual examination of the bill we were under the impression that it presented complaint at the court's refusal to compel Lowrey to divulge the name and address of the lady with him at the time of the robbery, thereby depriving appellant of the benefit of her evidence. This would have presented a serious question. But a closer examination of the bill reveals that such is not the complaint. It nowhere recites that the lady, if present in court, would testify that appellant was not one of the robbers. It complains only at the action of the court in not forcing Lowrey to give the name and address of the lady; and further recites that if he had been compelled to do so, he (Lowrey) would have testified that she failed to identify appellant as one of the robbers. Such answer would not have been called for nor responsive to the question set out in the bill. It is nowhere shown

in the bill that any questions were propounded to Lowrey calling for answers which would have contained information relative to the lady's identification, or otherwise, of appellant. The bill, therefore, does not present error. By reference to the statement of facts we find that Lowrey was interrogated upon this point by appellant and the following statements elicited from him:

"There was a lady with me at the time I was called on to identify this man. I don't remember distinctly whether this lady was called upon to identify this man, and I do not remember whether she was asked to identify the man or whether she was asked anything or not. * * * I can't answer. I don't know whether the lady was asked to identify him."

Appellant discusses in his brief an alleged error in permitting the state to prove by other witnesses that Lowrey identified appellant soon after the robbery. This matter is not brought forward by bills of exception, and therefore cannot be considered.

The record calls for an affirmance, and same is ordered.

*Affirmed.*

ON REHEARING.

June 13, 1923.

MORROW, PRESIDING JUDGE.—Counsel for appellant insists that given a fair interpretation, the bill of exceptions discussed in the original opinion shows that the appellant was deprived of the evidence of the woman who was absent from the trial and would have given testimony favorable to the appellant had she been present. In the light of a very earnest motion for rehearing, we have reexamined the record. It shows that while Lowrey was on the stand, he identified appellant as one of the robbers and testified that at the time he identified him, there was sitting on the same seat with him a lady who had the same opportunity to identify the appellant as did the witness Lowrey, but that she failed to do so. After giving this testimony, the bill discloses that the question quoted in the original opinion was propounded to the witness, namely:

"What is the name and present address and whereabouts of the lady that was with you at the time of the robbery and at the time you were called upon to identify the defendant?"

Objection to the question having been sustained, the bill recites in substance that the "defendant expected to prove and would have proved by said witness, had he been permitted and said witness required to answer said question" the name of the lady, that she resided in San Antonio, that she was unable to identify the appellant and refused to do so. The bill further states:

"* * * * but that said lady, whose name was at the time un-

known to defendant, and whose whereabouts were unknown to defendant at the time of the trial, stated at the time in the presence of said witness that defendant was not one of the parties who participated in the alleged robbery, and did not resemble either of the three parties who participated in the offense charged, that said witness was unknown to defendant or his attorney, was not present in court at the time of the trial, and would not attend court during the trial and testify in the case without the compulsory process of court requiring her to do so.''

It appears from the bill of exceptions, as well as from the statement of facts, that the witness Lowrey did testify that the lady in question was unable to recognize the appellant as one of the persons who took part in the robbery and that she so declared at the time. The additional fact which would have been proved by him was the name and address of the lady; that she was in the city of San Antonio and was amenable to process. It was desirable that the appellant know the name and address of the lady. Inferentially, it may appear that his purpose in making the inquiry was to procure her attendance as a witness. The bill, however, does not say so in terms; nor does it show that any effort had been previously made to ascertain these facts.

Appellant testified that soon after his arrest, he was confronted by Lowrey and the lady who was with him. Lowrey identified appellant as one of the robbers; the woman did not. The date of the offense was April 8th and the date of the trial was May 10th. If during the interim any effort had been made to ascertain the name and address of the lady, or to secure her attendance at the trial, the record upon the subject is silent. As the matter is presented here, the inquiry first made looking to the procurement of the lady as a witness was that made upon the trial of the accused. Appellant was aware and so says in his sworn testimony on the trial that there was a lady present when he was identified by Lowrey and that this lady knew facts favorable to him. Diligence to procure this testimony demanded that something be done before announcement of ready for trial; that some opportunity be given the court to aid the appellant in securing her testimony. In the absence of this and after the court had declined to sustain the objection to the question, which according to appellant's contention was asked in order that he might obtain the testimony of the witness, some request should have been made of the court to permit the withdrawal of his announcement to the end that he be given time to learn the address of the woman and bring her to court. It appears, moreover, if we properly comprehend the record, that at the time the lady refused to identify the appellant there were officers present. Touching the ability of these officers to identify the lady or of any effort to have them do so, antecedent to the trial or at other times, the record shows that these officers testified as witnesses. One of them was asked if he knew the name of the lady; the other

was not. Giving the bill the interpretation for which appellant contends—an interpretation that is deemed hardly compatible with the terms of the bill—it is at most an effort to secure the attendance of an absent witness who has not been subpœnaed, for whom no process had been issued, who resided in the city in which the trial took place, who was known to the witness Lowrey and was seen by three officers as well as the appellant some weeks before the trial, and to secure her attendance at any time no effort had been made.

The motion for rehearing is overruled.

*Overruled.*